VIEFHAUS v. STATE.

Opinion delivered June 13, 1903.

1. THREE-MILE LAW—CONSTRUCTION.—In Acts of 1881, page 140, pro-
viding for the prohibition of the sale of liquors within three miles
of any school house, etc., upon a petition of the adult inhabitants
being filed, the proviso "that this act shall not affect persons who
may have already obtained a license to sell spiritous liquors in
any locality wherein this act shall be put in force until such license
shall expire" protected only such persons as had obtained a
license prior to the passage of the act. (Page 421.)

2. SAME—LICENSE PREVIOUSLY GRANTED.—An order of the county
court prohibiting the sale of liquor within three miles of a school
house or church named in the petition has the effect of revoking
the annual license of a dramshop keeper previously granted in the
same year, and thus making the sale of liquor under such license
a violation of law. (Page 421.)

Appeal from Scott Circuit Court.

STYLES T. ROWE, Judge.

Affirmed.

Viefhaus and Bohenstehn were convicted of illegally selling in-
toxicating liquors and have appealed.

*Mecham & Bryant,* for appellants.

A license to sell liquor is a contractual privilege. 5 Gray, 597;
1 Ohio St. 15; 119 Pa. St. 417; 46 Ala. 329; 9 Mo. 389; 8 Mo.
606, 697; 27 N. H. 289; 3 Har. (Del.) 441. Rights and privileges
acquired from the state are protected against adverse legislation.
3 Wall. 51; 10 How. 511; 115 U. S. 650; 41 Ark. 436; 30 Ark. 128.
The three-mile law is not effective until put in force by the county
court. 29 Kans. 672; 14 Bush, 218; 33 Ark. 69; 23 Am. & Eng.
Enc. Law, 218; 5 Wheat. 420; 14 How. 79; 13 Mich. 318; 4 Kan.
435; 46 Am. Dec. 637. Such an order does not revoke a prior
license. 36 Ark. 178; 23 Ark. 304; 2 Ark. 250; 29 Ark. 237; 6
Ark. 9; 4 Ark. 410-16; 10 Ark. 186; 44 Ark. 273; 22 Ark. 566; 46

Am. Dec. 447; 112 U. S. 549; 5 Am. Dec.˙ 311; 1 Bay, 179; 57 Conn. 182; 111 N. Y. 45. In the three-mile law there is a proviso in favor of existing licenses, and same has not been repealed. 23 Am. & Eng. Enc. Law, 489 ; Black, Inter. 112; 11 Ark. 103, 496; 34 Ark. 499; 41 Ark. 149; 45 Ark. 90; 48 Ark. 159; 50 Ark. 132; 51 Ark. 599; 53 Ark. 417; 54 Ark. 237; 56 Ark. 45; 60 Ark. 59; 3 How. (U. S.), 636. The intent to repeal must actually appear. 6 Ind. App. 672; 4 Gilm. 221; 27 Fla. 189; 50 Ark. 359; 106 U. S. 596; 18 Wall. 458; 23 A. & E. Enc. Law, 515-487; Black Inter. L. 359.

*George W. Murphy, Attorney General,* for appellee.

The appellants took out license subject to the authority of the county court to make the prohibitory order. 53 Ark. 236.

BUNN, C. J. At the February term, 1902, of the Scott circuit court, the defendants were indicted for selling liquor in violation of. an order of the county court prohibiting the sale of intoxicants within three miles of Fair's Chapel, in said county of Scott. The defendants, on the case being called for trial, pleaded "Not guilty," and the cause was submitted to the court, sitting as a jury, on the following agreed statement of facts, to-wit: "It is agreed that at the general election of September, 1900, Scott county and Hickman township therein voted for license. That on the 9th day of January, 1901, the county court of said county issued to defendants (they paying the legal sums therefor) legally and regularly a license for a dramshop, which license is hereto attached as a part hereof, as "Exhibit A," and which is introduced with this agreement as a part of the evidence and agreed facts. That upon petition regularly and properly presented to said county court, signed by a majority of the inhabitants within three miles of Fair's Chapel, praying that the sale and giving away of vinous, spirituous and intoxicating liquors of any kind, and alcohol or any compound or preparation thereof, called tonics or bitters, be prohibited within three miles of Fair's Chapel, an institution of learning and church house, the said court did, on the 15th day of August, 1901, enter an order thereon, regularly and according to law, prohibiting the sale and giving away of vinous, spirituous and intoxicating liquors of any kind, or alcohol or any compound or preparation thereof, commonly called tonics or bitters. That defendants did, on the 10th day of September, 1901, at and in said dramshop and place mentioned in the license attached hereto marked "Exhibit A," the same being

in Hickman township, Scott county, and within three miles of said Fair's Chapel, sell, vend and give away vinous, spirituous and intoxicating liquors and alcohol."

The defendants were convicted, and appealed to this court.

The sole question in the case is, will an order of the county court prohibiting the sale of liquor within three miles of a school house or church named in the petition have the effect of revoking the license of a dramshop keeper previously granted in the same year, and thus make the sale of liquor under such license a violation of law?

The defendants' counsel contend that upon the issuance of the license to a dealer for a large sum, as in this case, the license is contractual, and is protected by the constitutional provision against impairing the obligation of contracts, while the same is not or may not be the case if the price of the license is a small amount, only enough to pay the expenses of issuing it, as in the latter case the issuance and requirement of the license would be an exercise of the police power merely, while the payment of large amounts, as required by the laws of this state, is for revenue, and not for regulation merely.

The defendant calls attention to the first proviso in the original act of 1881 (Acts 1881, p. 140), and contends that the language of the proviso is to be construed as protecting, not only those who have obtained their licenses before the passage of the act, but all such as may have obtained the license at any time before the making of the prohibitive order by the county court. A majority of the court are of the opinion that the proviso protected only those who had obtained license before the passage of the act by the legislature, and that the digester of the statutes for that reason was right in leaving out that proviso in his digest of 1884; that this court can not assume to say that the legislature in amendatory acts was guilty of being misled in its leaving out said proviso, which it did in enacting the statute now in force (Acts of 1895, p. 86) on the subject. We can not call in question the reasons or reasoning of the legislative branch in enacting, repealing or amending a statute, but must construe the enactment to mean what its language imports under the known rules of construction. The law, as it stands, empowers the county courts to prohibit all sales of liquors on the petition of a majority of the adult inhabitants within the three-mile radius, and this prohibition is against those holding licenses previously granted, as well as those who may apply therefor thereafter,

until the period of prohibition fixed by law expires. This being true, the defendants were guilty of violating the order of the county court prohibiting the sale of liquor within the district, notwithstanding the license previously granted.

The judgment of the Scott circuit court is therefore affirmed.